IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| RICHEY L. BOYD, | Civil Action No.: 5:18-01582-BHH |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN, PERRY CORRECTIONAL INSTITUTION, | |
| Respondent. | |

Petitioner Richey L. Boyd ("Petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report").

## BACKGROUND

On September 17, 2018, Respondent Warden, Perry Correctional Institution ("Respondent"), filed a motion for summary judgment, along with a return and memorandum. (ECF Nos. 23, 24). On September 18, 2018, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (ECF No. 25). In that order, the Magistrate Judge advised Petitioner of the possible consequence of dismissal if he failed to respond adequately. Petitioner filed a response in opposition to the motion for summary judgment on December 3, 2018, (ECF No. 34), to which Respondent filed a reply, (ECF No. 35). On January 7, 2019, Petitioner filed a surrepy. (ECF No. 36). On April 10, 2019, the Magistrate Judge issued a Report recommending that Respondent's motion for summary

judgment be granted and the petition for a writ of habeas corpus be denied. (ECF No. 37).

The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. (ECF No. 37-1). Petitioner sought and received an extension of time (ECF Nos. 39, 40) and filed his objections on June 3, 2019, (ECF No. 43). The Report sets forth the relevant factual and procedural background from the trial and post-conviction relief ("PCR") proceedings, as well as the relevant legal standards, none of which Petitioner disputes and which the Court incorporates here without recitation.[1]

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report, which contains a comprehensive recitation of law and the relevant facts.

# DISCUSSION

A.  **Grounds for Relief**

Petitioner filed his § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, and therefore 28 U.S.C. § 2254(d), as amended, governs the Court's review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner raises thirteen grounds for relief as follows[2]:

> **Ground One:** Defense Counsel provided ineffective representation, of the Sixth Amendment to the United States Constitution, where counsel failed to object to a Jury Charge, instruction that "malice may be inferred from a conduct showing a total disregard for human life", since the instruction was confussing given its vagueness and the fact that this was an accomplice liability case where the foreseeability the decedent would be killed during the burgulary was a major issue because he "unexpectedly" showed up while the burglary was taking place.

> **Ground Two:** Counsel was inneffective for not objecting to the alleged "hearsay" testimony, and also allowing a "Bruton" violation. *Bruton v. US*, 391 U.S. 123, 88 S.Ct. 1620 (1968).

> **Ground Three:** Counsel was ineffective for not filing for a "fast and speedy trial" when he was appointed to represent Applicant, which Applicant had requested him to do.

> **Ground Four:** Counsel was ineffective for not objecting to the Court allowing the three codefendants "Guilty Pleas" into evidence, allowing Prosecutor to commit Prosecutorial Misconduct, and violation of Due Process of law, since Prosecutor indicated to the Jury that if one person plead guilty, then all are guilty.

> **Ground Five:** Trial Counsel was Ineffective for not attacking the witnesses' credibility on issues of character and reputation, to be impeached.

> **Ground Six:** Trial counsel was ineffective for not objecting to the curative instruction given by the trial judge after the clerk of court announced the charges against co-defendants—co-defendant Lamar Williams.

> **Ground Seven:** Counsel was ineffective for not objecting to the instruction on "Intent" towards the Jury.

---

[2] The Court lists the grounds for relief as quoted by the Magistrate Judge according to the § 2254 petition and the supplement thereto and without the use of "[sic]". *See* (ECF No. 37 at 13 & n.4).

> **Ground Eight:** Trial Counsel was ineffective for not Re-Raising the motion to sever.
>
> **Ground Nine:** Ineffective assistance of "Appellate Counsel" for not Raising the "Motion for Severance" on Appeal, Direct Appeal. Ineffective Assistance of PCR Counsel as well.
>
> **Ground Ten:** Counsel was ineffective for not objecting to the Prosecutors Closing Arguments.
>
> **Ground Eleven:** Trial Court Erred by not quashing the Indictments.
>
> **Ground Twelve:** Trial Counsel was Ineffective for not filing a "Brady Motion" against solicitor for not turning over states Evidence.
>
> **Ground Thirteen:** Trial Counsel was Ineffective for not requesting for additional Limiting instructions throughout the Joint Trial., and for not requesting for Mistrial at the end of States Evidence.

(ECF No. 37 at 13-15). Petitioner also asserts two "[i]ssues" as a final basis for relief:

> The state court erred in not granting a continuance to allow PCR counsel to subpoena and compel trial counsel's presence at the hearing and in so doing denied Petitioner a "full and fair hearing."
>
> The state court's denial of Petitioner's ineffective assistance of counsel claims was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).

(*Id.* at 15 (quoting ECF No. 1 at 14)).

The Magistrate Judge engaged in a comprehensive discussion of each ground for relief and found each to be without merit. Accordingly, the Magistrate Judge recommends that the Court grant the motion for summary judgment and dismiss the § 2254 petition. Petitioner did not file an objection to the Report with respect to Grounds Six, Eight, and Eleven through Thirteen. *See generally* (ECF No. 43). Nor did Petitioner object to the Magistrate Judge's treatment of the final two issues summarized directly above. After carefully reviewing the record and the Report, the Court finds no clear error in the Magistrate Judge's findings as to these matters. Accordingly, the Court affirms the Report and grants the motion for summary judgment as to these grounds for

relief. The Court turns next to Petitioner's objections pertaining to Grounds One through Five, Seven, Nine, and Ten.

**B.     Objections**

    1.     Ground One

Petitioner argues his trial counsel provided ineffective assistance because he failed to object to the jury charge regarding an inference of malice. As the Magistrate Judge noted, the PCR court concluded the charge was proper and therefore trial counsel "was not deficient for failing to object." (ECF No. 37 at 25 (citing ECF No. 23-2 at 252)). The Magistrate Judge found that Petitioner "failed to show that the PCR court's determination was contrary to, or an unreasonable application of, federal law." *Id.* Indeed, the Magistrate Judge noted, the inference of malice instruction that the trial court charged is proper under South Carolina law, *id.* (citing *State v. Stanko*, 741 S.E.2d 708, 715 (S.C. 2013)); and, furthermore, the charge created merely a permissive inference, not a mandatory presumption, *id.*

Petitioner objects that the malice instruction "lessen[ed] the State's burden of proof"; that the Magistrate Judge misconstrues or misrepresents the evidence that was before the jury; and that the Magistrate Judge erred in finding that the PCR court "did not unreasonably apply [*Strickland v. Washington*, 466 U.S. 668 (1984)]" for trial counsel's failure to object to the instruction. (ECF No. 43 at 2). However, as the Magistrate Judge explained, under the two-part test for determining ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective reasonableness standard *and* that the deficiency prejudiced the defense. *Strickland*, 466 U.S. at 687. The Magistrate Judge concluded that because the inference of malice instruction is appropriate under state law, Petitioner cannot carry his burden under *Strickland*. The Court perceives no error in this finding. Furthermore, in reciting certain facts that were presented to the

5

jury, the Magistrate Judge quoted directly from the trial transcript. *See* (ECF No. 37 at 26 n.5 (quoting ECF No. 23-1 at 322-325, 330-333, 335)). Finally, Petitioner offers no basis for disagreeing with the Magistrate Judge's finding that the jury charge created an inference and not a presumption. Accordingly, the Court finds no error and overrules the objection.

2. Ground Two

Ground Two concerns testimony regarding a conversation that occurred between three of Petitioner's co-defendants the evening following the crime. Petitioner argues that the testimony was hearsay and that admission of the testimony was a violation of his sixth amendment right to confront witnesses as recognized in *Bruton v. United States*, 391 U.S. 123 (1968). The Magistrate Judge determined contrary to Petitioner's contention that the testimony at issue did not violate *Bruton* because it did not include a testimonial statement; and the testimony was not hearsay because it fit within the exclusion set forth in S.C. R. Evid. 801(d)(2)(E), which designates as non-hearsay "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." (ECF No. 37 at 28); Rule 801(d)(2)(E), SCRE.

In his objection, Petitioner simply reasserts his position that the testimony was inadmissible hearsay and constituted a *Bruton* violation. (ECF No. 43 at 3). The Court finds that this objection is general and conclusory in that Petitioner raises no specific argument with respect to the reasoning set forth in the Report. He asserts that "had counsel [] objected [it] would have been a matter for the trial court and State appellate court to decide, but since no objection was made by counsel and no finding made by the trial court the PCR Court's finding is merely an assertion and the Magistrate should not have adopted such a finding." *Id.* However, even if the trial court had sustained an objection based on hearsay or *Bruton*, Petitioner fails to demonstrate that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt

6

respecting guilt"; that is, Petitioner fails to demonstrate prejudice. *Strickland*, 466 U.S. at 695 (announcing two-part test for determining ineffective assistance of counsel, which requires petitioner to show that counsel's performance fell below an objective standard of reasonableness and that the deficiency prejudiced the defense). The Court finds no error and overrules the objection.

3. Ground Three

Petitioner contends that trial counsel provided ineffective assistance by failing to move for a "fast and speedy trial." The Magistrate Judge reviewed the record from the PCR proceedings and observed that Petitioner had argued prejudice resulting from his counsel's failure to move for a speedy trial and had also explained his basis for claiming prejudice. However, the Magistrate Judge found, the PCR court rejected Petitioner's arguments, finding that the evidence of prejudice that Petitioner had presented at the PCR hearing was not sufficiently credible. (ECF No. 37 at 31). The Magistrate Judge explained that the PCR court's determination of credibility is entitled to deference and that Petitioner has not shown that the PCR court rendered the determination without support. *Id.* That is, Petitioner has not shown that the PCR court's decision was "objectively unreasonable in light of the evidence presented in the state court proceeding." *Wilson v. Ozmint*, 352 F.3d 847, 858–59 (4th Cir. 2003). In objecting to the Report, Petitioner does not raise a specific objection but rather reasserts that he had a right to a speedy trial. (ECF No. 43 at 4). The Court finds that this objection is general and conclusory. Upon a *de novo* review, the Court finds no clear error in the Report with respect to Ground Three and overrules the objection.

4. Ground Four

Petitioner argues that trial counsel improperly failed to object to the prosecution offering as evidence the guilty pleas of three co-defendants, and that, with the guilty pleas in evidence, the

7

state improperly argued to the jury that if one defendant pleads guilty, all defendants are guilty. Petitioner contends the prosecutor's actions amounted to prosecutorial misconduct and resulted in a violation of due process. The PCR court found that there was no valid basis for trial counsel to have objected. The Magistrate Judge reviewed the record from the PCR court proceedings and determined that Petitioner had not shown that the PCR court either rendered unreasonable factual findings or misapplied the law. (ECF No. 37 at 33). The Magistrate Judge further found that Petitioner had not shown how the alleged prosecutorial misconduct resulted in a denial of due process. (*Id.* at 33-34). Petitioner objects merely that the Magistrate Judge relies on the wrong standard for assessing ineffective assistance of counsel. The Court finds that this objection is general and conclusory. The Court would nonetheless note that Petitioner does not specify what objection his trial counsel should have asserted; nor does he identify precisely how the alleged prosecutorial misconduct "so infected the trial with unfairness" as to result in a violation of his due process rights. *Darden v. Wainwright*, 477 U.S. 168, 180–81 (1986). Accordingly, the Court finds no error and overrules the objection.

    5.    <u>Ground Five</u>

Petitioner contends that trial counsel did not attack with sufficient vigor the credibility of his three co-defendants. As noted by the Magistrate Judge, the PCR court found that Petitioner failed to meet his burden of showing counsel inadequately impeached the co-defendants on issues of character and reputation because Petitioner presented no evidence that his attorney should have used but failed to use in cross examining the co-defendants. (ECF No. 37 at 35). As the Magistrate Judge observed, "[t]he PCR court concluded that Petitioner [] failed to show prejudice where he did not articulate what more trial counsel could have done in regard to that issue." *Id.* The Magistrate Judge found that Petitioner failed to demonstrate that the PCR court unreasonably

8

applied federal law or that its denial of the claim runs contrary to law. The Magistrate Judge concluded that Petitioner failed to explain how the outcome of the trial would have been different had his attorney engaged in further impeachment efforts of the co-defendants during trial. (*Id.* at 36-37).

Petitioner objects that he has in fact shown the PCR court unreasonably applied "clearly established federal law," and that the PCR court "unreasonably applied *Strickland*." (ECF No. 43 at 5). These objections are general and conclusory. Petitioner further objects that his trial counsel "knew" a co-defendant was "a four or five time convicted felon," and that "it was crucial for the jury to know of [that] criminal background." *Id.* However, as the Magistrate Judge noted, Petitioner fails to show how his counsel's pursuit of that particular line of questioning would have impacted the outcome of trial. The Court finds no error and therefore overrules the objection.

  6. <u>Ground Seven</u>

Petitioner argues that trial counsel provided ineffective assistance in failing to object to the trial court's instruction regarding intent. Respondent argued that Petitioner is procedurally defaulted from raising the claim because he did not raise it before the PCR court or in a motion filed pursuant to Rule 59(e), SCRCP. Petitioner does not dispute the procedural history but argues the court should excuse the procedural default under *Martinez v. Ryan*, 566 U.S. 1, 9 (2012), which provides that "[i]nadequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." The Magistrate Judge examined the governing law and determined that, in light of the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, Petitioner had not made the requisite showing of ineffective assistance of counsel at the PCR proceedings so as to demonstrate cause for procedural

9

default of this claim. (ECF No. 37 at 39). The Magistrate Judge further noted that the record does not reflect that the trial court improperly instructed the jury as to intent in any event, and Petitioner does not suggest what objection trial counsel should have raised. (*Id.* at 40). On these bases, the Magistrate Judge concluded that Petitioner is procedurally barred from asserting this claim.

Petitioner objects, relying on *Hope v. Cartledge*, 857 F.3d 518, 524 (4th Cir. 2017), that in South Carolina, "where a jury must return a unanimous verdict to convict, the prejudice prong of *Strickland* is met where there is a reasonable probability that at least one juror would have struck a different balance." (ECF No. 43 at 6). Petitioner contends that if counsel had objected to the instruction and "asked for a clarification on intent there is a reasonable probability that at least one juror would have struck a different balance." *Id.* However, the salient question is whether competent counsel in the exercise of reasonable professional judgment would have omitted this claim from the issues raised before the PCR court. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default).[3] Absent a showing of such grounds for cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). Petitioner does not address this point and the Court finds no error in the Magistrate Judge's conclusion that Petitioner does not make the requisite showing in his petition.

7. Ground Nine

Petitioner argues his appellate counsel rendered ineffective assistance by failing to raise the matter of whether the trial court erred in denying his motion for severance. The Magistrate Judge found that the claim is procedurally defaulted because it was never raised to nor ruled on by

---

[3] Although *Hope* is certainly relevant to Petitioner's contention, the parties in that case "accept[ed] for the purposes of appeal that trial counsel's performance was deficient." *Hope*, 857 F.3d at 523. Accordingly, *Hope* is less instructive here.

the PCR court. (ECF No. 37 at 43). The Magistrate Judge noted that Petitioner asserts in response to the motion for summary judgment that the cause for the procedural default is the failure of PCR counsel to raise the claim before the PCR court. *See* (ECF No. 34 at 28). The Magistrate Judge explained in her Report that "alleged ineffective assistance of PCR counsel cannot serve as a cause for the failure to raise a claim of ineffective assistance of appellate counsel." (ECF No. 37 at 43 (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017)). The Magistrate Judge observed that Petitioner also contends with this claim that he was prejudiced by the purported hearsay contained in the testimony of his co-defendants, addressed above. The Magistrate Judge explained that, for reasons previously stated, there was no reason to object to that testimony as improper hearsay or as a violation of the Confrontation Clause. *Id.*

Petitioner agrees the first portion of the claim is procedurally defaulted but objects that "under the 'cause and prejudice' standard of *Coleman v. Thompson*, 501 U.S. 722 (1991)," the claim is nonetheless "reviewable under ineffective assistance of appellate counsel." (ECF No. 43 at 6). In *Coleman*, the Supreme Court held that attorney error committed in the course of state PCR proceedings cannot serve as the basis on which to excuse a procedural default that occurs in those proceedings. *Coleman*, 501 U.S. at 755. In *Martinez v. Ryan*, the Supreme Court announced an "equitable . . . qualification" of the rule pronounced in *Coleman*, which applies where state law requires that a claim of ineffective assistance of trial counsel be raised in an "initial-review collateral proceeding," rather than on direct appeal. 566 U.S. at 16, 17. In those situations, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial" if the default results from the ineffective assistance of the prisoner's counsel in the collateral proceeding. *Id.* at 17. The Supreme Court clarified in *Trevino v. Thaler*, 569 U.S. 413 (2013), that the exception set forth in *Martinez* also applies where the state's "procedural

11

framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise" the claim on direct appeal. *Trevino*, 569 U.S. at 429. In *Davila*, cited by the Magistrate Judge, the Supreme Court expressly declined to extend *Martinez* to allow a federal court to hear a substantial but procedurally defaulted claim of ineffectiveness of appellate counsel when a prisoner's state PCR counsel provides ineffective assistance by failing to raise it. 137 S. Ct. at 2065-66.[4] Accordingly, *Davila* precludes the very argument Petitioner advances.

With respect to the second portion of the claim, it is not entirely clear whether Petitioner objects to the Report. *See* (ECF No. 43 at 7). To the extent he does, the Court finds that the objection is general and conclusory and, for the reasons stated above with respect to Ground Two, finds no error.

8. <u>Ground Ten</u>

Finally, Petitioner argues trial counsel was ineffective for failing to object to the state's closing argument, in which, Petitioner contends, the prosecutor impermissibly used personal knowledge and suggested that Petitioner must be guilty if his co-defendants pleaded guilty. Petitioner contends the closing argument amounted to prosecutorial misconduct. (ECF No. 1 at 28). The Parties appear to agree that the claim is procedurally defaulted[5]; however, Petitioner

---

[4] Moreover, the Court would note that even if the claim were not procedurally defaulted, Petitioner has not demonstrated that failure to raise the motion to sever issue is an error that amounts "to a deprivation of the constitutional right to counsel." *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000) (holding that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel).

[5] The record reflects that the claim was raised to the PCR court, but the PCR court did not address it in the order of dismissal and PCR counsel did not file a motion under Rule 59(e), SCRCP, asking the PCR court to make specific findings of fact and conclusions of law on the claim. *See* (ECF No. 23 at 69).

asserts the procedural default should be excused under *Martinez*, 566 U.S. at 9. (ECF No. 34 at 29). The Magistrate Judge found that Petitioner "failed to overcome the presumption that PCR counsel's 'conduct [fell] within the wide range of reasonable professional assistance," because Petitioner "offers only that PCR counsel should have filed a Rule 59(e) motion," which is too conclusory an argument to meet his burden. (ECF No. 37 at 44). The Magistrate Judge further found that Petitioner failed to sufficiently demonstrate either deficiency of counsel or prejudice "as to the underlying claim that trial counsel should have objected during the State's closing arguments," noting that "prosecutorial misconduct violates a defendant's constitutional rights under federal law where a remark 'so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process.'" (*Id.* at 45). Finally, the Magistrate Judge reviewed the portion of the prosecutor's closing arguments herein at issue and "disagree[d]" with Petitioner "that the assistant solicitor used his personal knowledge in the [] statements or told the jury that since the codefendants pled guilty, then Petitioner was also guilty." (*Id.* at 46 (citing ECF No. 23-2 at 73-74, 81)).

Petitioner objects by reasserting his interpretation of the state's closing remarks and his opinion that he has sufficiently detailed ineffective assistance of counsel so as to overcome the procedural default. (ECF No. 43 at 8). The Court finds that these objections are general and conclusory. On *de novo* review, the Court finds no error in the Magistrate Judge's application of *Strickland* or *Martinez*. Accordingly, the Court overrules the objection.

For the reasons set forth herein, the Court agrees with the analysis and recommendation of the Magistrate Judge. Accordingly, Petitioner's objections are overruled and the Report is adopted.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections, and adopts and incorporates the Magistrate Judge's Report (ECF No. 37). Accordingly, the motion for summary judgment (ECF No. 24) is GRANTED. The habeas petition (ECF No. 1) is DENIED and DISMISSED *with prejudice*.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

August 26, 2019
Charleston, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.