IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Richey L. Boyd, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 5:18-1582-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden, Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court upon Petitioner Richey L. Boyd's ("Petitioner") pro se motion under Rules 60(b)(1) and (3), wherein Petitioner asks the Court to reopen this case to find that Petitioner deposited his notice of appeal on September 10, 2019. (ECF No. 70 at 1.)

**BACKGROUND**

This Court entered an order in this case On August 26, 2019, granting summary judgment in favor of Respondent. (ECF No. 46.) On October 7, 2019, an undated notice of appeal was filed, however, the envelope was stamped as received in the federal correctional institution's mailroom on October 2, 2019. (ECF Nos. 49, 49-3.) In his informal brief on appeal, dated December 2, 2019, Petitioner included a statement under penalty of perjury indicating that he deposited his notice of appeal in the institution's mailroom on September 10, 2019, but he did not include a similar statement with his notice of appeal in accordance with Federal Rule of Appellate Procedure 4(c)(1)(A)(i). (*See* attached informal brief filed on appeal.) Because Petitioner is incarcerated, his notice of appeal is considered filed as of the date it was delivered to prison officials for mailing. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988). Importantly, the notice of appeal

filed in this Court indicates that Petitioner received the Court's order on September 10, 2019, but, as mentioned above, it does not indicate whether he also deposited his notice of appeal in the institution's internal mail system on September 10, 2019.  (ECF No. 49.)  And the attached certificate of service simply states that Petitioner served his notice of appeal on Respondent by placing it in the mail on an unspecified date in September of 2019.  (*See* ECF No. 49-2.)

On appeal, the Fourth Circuit reviewed the record, including Petitioner's declaration indicating that he deposited his notice of appeal in the mail on September 10, 2019, and found that "[t]he record does not conclusively reveal when Petitioner gave the notice of appeal to prison officials for mailing." *Boyd v. Warden*, No. 19-7454 (Dec. 15, 2020), ECF No. 54.  Accordingly, the court remanded the case for the limited purpose of determining the timeliness of the filing under Rule 4(c)(1) and *Houston*. *Id.*

On remand, therefore, the Court entered an order granting Petitioner 30 days to supplement the record "with a declaration or notarized statement setting out the date he deposited his notice of appeal in the institution's internal mail system" and/or with any other evidence indicating when he deposited his notice of appeal. (ECF No. 56.)  On September 17, 2021, Petitioner filed a reply rather than a declaration or notarized statement, and his statements were not made under penalty of perjury.  (ECF No. 58.)   Ultimately, because Petitioner offered no additional specific information or evidence to conclusively reveal when he gave his notice of appeal to prison officials for mailing, the Court found that his notice of appeal was not timely pursuant to Rule 4(c)(1) and *Houston v. Lack*, 487 U.S. 266, 276 (1988).  The Court then returned the record, as supplemented, to the Fourth Circuit for further consideration.

On August 12, 2022, the Fourth Circuit issued an opinion dismissing the appeal for lack of jurisdiction "[b]ecause Boyd filed his notice of appeal after the appeal period expired and he did not obtain an extension or reopening of the appeal period." (ECF No. 68 at 3.) The mandate and judgment was entered on September 6, 2022. (ECF No. 69.)

Boyd filed the instant Rule 60(b) motion on February 17, 2023.

## **ANALYSIS**

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from an adverse judgment if the party shows either:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, which reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his motion, Petitioner refers to Rule 60(b)(1), (3), and (6), and he asserts that he did deposit his notice of appeal on September 10, 2019, and that Respondent misrepresented the actual date the document was deposited and/or committed fraud. Petitioner attached to his motion a signed and notarized affidavit, stating that he deposited his appeal on September 10, 2019, and that the envelope was marked "Oct 02 2019" by personnel at the institution. (ECF No. 70-1 at 1.)

After review, the Court finds Petitioner's efforts to reopen this matter unavailing, as his instant motion is untimely under the circumstances. As previously set forth, in August

3

of 2021, the Court specifically directed Petitioner to file an affidavit, declaration, or other notarized statement setting forth the date on which he deposited his appeal in the mailroom, but Petitioner failed to do so.  As a result, on October 14, 2021, the Court found that Petitioner's appeal was not timely, and it is this order from which Petitioner now seeks relief.  (ECF No. 60.)

The Fourth Circuit affirmed this Court's order, but Petitioner did not file the instant motion and affidavit until February 17, 2023, more than a year after the Court first directed Petitioner to file an affidavit or declaration and more than a year after the Court's order finding that Petitioner's appeal was not timely.  Importantly, Petitioner offers no reason to justify his delay, and the Court ultimately finds that Petitioner failed to file the instant motion within either a reasonable time or within one year after the entry of judgment and/or order that he challenges.  *See* Rule 60(c) ("A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Accordingly, for the foregoing reasons, the Court hereby **denies** Petitioner's motion under Rule 60(b) (ECF No. 70).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 29, 2023
Charleston, South Carolina

4